UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

*************************************

Vivienne Brammer,
    Petitioner

v.

John Ashcroft, U.S. Attorney General,
Charles Zemski, Acting District Director,
U.S. Immigration and Naturalization Service,
Philadelphia District.
    Respondents

1:CV 01-0231

Case No. _____
Agency No. 76-577-739

FILED
HARRISBURG, PA
FEB 5 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS, COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Vivienne Brammer, Petitioner in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This is an action to challenge the unlawful order of removal and deportation entered against Petitioner by the Respondents in violation of the Immigration and Nationality Act, implementing regulations, and the United States Constitution.

**PARTIES**

2. Petitioner is a 36 year old female native of Jamaica. Petitioner was admitted to the United States as an immigrant on or about November 18, 1993 through New York, New York. Petitioner is currently detained by the Respondents at the York County Prison in York, Pennsylvania. For reasons explained below, Petitioner was placed into removal proceedings on or about July 7, 1999 upon service of a Notice To Appear.

1

The Respondents charged that the Petitioner was convicted, on or about April 12, 1999, of an aggravated felony and two crimes of moral turpitude, as defined by the Immigration and Nationality Act (hereinafter INA), at sections 101(a)(43)(G)/237(a)(2)(A)(iii) and 237(a)(2)(A)(ii) respectively. Respondent sought Petitioner's removal from the United States due to Petitioner's conviction for two theft offenses in the Commonwealth of Pennsylvania under title 18 sections 3922 and 3925, offenses occurring in 1999 and 1994 respectively.

In her removal proceedings, Petitioner requested that her removal proceedings be terminated as she asserted that she had not been convicted of an aggravated felony and her convictions were not crimes of moral turpitude. At a hearing held on or about March 10, 2000, the immigration judge ordered the Respondent removed from the United States finding that the Petitioner's convictions were crimes of moral turpitude and that Petitioner was convicted of an aggravated felony. Petitioner filed a timely appeal of the decision of the immigration judge with the Board of Immigration Appeals, hereinafter "BIA".

The decision of the immigration judge was affirmed by the Board of Immigration Appeals. The BIA determined that the Petitioner was removable from the United States as an aggravated felon and as such, was ineligible for relief from removal, specifically cancellation of removal and a hardship waiver under INS section 212(h). Petitioner asserts that the decision of the immigration judge and the final order of removal entered by the BIA violated her right to due process and is thus unconstitutional.

3. Respondent, John Ashcroft, is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (INA), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC § 1103(a). More

specifically, the Attorney General is responsible for adjudicating applications for asylum, withholding of removal and protection under the UN Convention Against Torture. This Respondent is also responsible for the apprehension and detention of aliens alleged to be unlawfully present in this country and the conduct of proceedings to compel their expulsion. The INS, BIA and Office of the Immigration Judge are all agencies within the Department of Justice to whom the Attorney General's authority has in part been delegated, and are subject to the Attorney General's supervision.

4. Respondent, Charles Zemski, Acting District Director is an official of the INS generally charged with supervisory authority over all operations of the INS within his District with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii). The York County Prison, located in York, Pennsylvania falls within the jurisdiction of the INS District located in Philadelphia, Pennsylvania. 8 CFR § 100.4(b)(4).

## JURISDICTION

5. Jurisdiction in this case is proper under 28 USC § 2241(c), in that Petitioner is in the Respondent's custody under or by color of the authority of the United States, and in violation of the Constitution or laws of the United States, as more fully set forth below.

6. In the alternative, jurisdiction is conferred by the United States Constitution which mandates the availability of habeas corpus review and, except in desperate national circumstances not anticipated herein, prohibits its suspension. U.S. CONST. art. I, § 9, cl. 2.

7. Jurisdiction is also conferred by 28 USC § 1331, in that this is a civil action arising under the Constitution and laws of the United States.

8. Authority to grant the requested injunctive relief in cases otherwise within the court's jurisdiction is conferred by 28 USC § 2201(a).

## VENUE

9. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Respondent resides and where a substantial part of the events or omissions giving rise to Petitioner's claim occurred. More specifically, Petitioner's immigration proceedings were held in this judicial district. Petitioner's removal hearing was conducted before an Immigration Judge in York, Pennsylvania and Petitioner is detained pursuant to Respondent INSs' detainer.

## EXHAUSTION OF REMEDIES

10. Petitioner has exhausted her administrative remedies. Her appeal of the adverse decision of the immigration judge to the BIA has been dismissed. Petitioner has a final administrative order of removal pending against her. Petitioner has no other administrative remedies available.

4

## CAUSE OF ACTION

11.     On or about April 12, 1999, Petitioner was convicted two theft related offenses in the Commonwealth of Pennsylvania. The Respondents assert that those offenses render Petitioner subject to removal from the United States as they constitute an aggravated felony and two crimes of moral turpitude. Respondent has issued a final order of removal against Petitioner and Petitioner is subject to immediate removal from the United States. Petitioner asserts that the order of removal that has been entered against her is unconstitutional and that her right to due process has been violated. Petitioner asserts that her convictions do not constitute an aggravated felony and she has been deprived of the opportunity to obtain relief from removal, namely cancellation of removal and a hardship waiver as permitted under INA 212(h).

The Respondent's view appears to be that the Petitioner has been convicted of an aggravated felony because her sentence upon conviction for the state offense was six months to 23 months and the analogous federal statute, 18 USC section 641, permits sentencing up to ten years. Under section 641, a sentence of more than one year may be imposed, but is not required. Inasmuch as the analogous federal statute does not mandate that a sentence in excess of one year be imposed upon conviction under section 641, that offense is not inherently a felony under federal law and thus, is not inherently an aggravated felony for immigration purposes. The determination of the BIA to the contrary is, thus, not supported by law and the issuance of the final order of removal was a violation of Petitioner's right to due process.

## REQUEST FOR
## TEMPORARY RESTRAINING ORDER

12. Petitioner's deportation is imminent, and may be accomplished at any time absent intervention of this Court. If Petitioner is deported, and the findings of the Immigration Judge and BIA concerning her final order of removal are left intact, Petitioner will be will be subject to removal to Jamaica.

13. Petitioner has no adequate remedy under law. Indeed, it is to preserve her remedies under law that the instant action is filed. As noted above, Petitioner has exhausted her administrative remedies.

## PRAYER

14. WHEREFORE, in view of the arguments and authority noted herein and in the attached Petitioner respectfully prays that the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order:

  (a) enjoining the Respondents from deporting Petitioner until the merits of the instant action may be decided;

  (b) enjoining the Respondents from transferring Petitioner from the jurisdiction of this court;

  (c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Sandra Greene, Esquire
140 Roosevelt Avenue, Suite 202
York, PA  17404
(717) 812-9080

## VERIFICATION

I, Sandra Greene, Esquire, Counsel of record for Vivienne Brammer, Petitioner in the instant case, hereby verify that I have read the foregoing Petition, that the information contained therein and in the attached Memorandum is true and correct to the best of my personal knowledge and/or information and belief after reasonable inquiry, and that the requested injunctive relief is warranted to prevent irreparable injury to Plaintiff. I am also aware that the foregoing is made subject to the relevant penalties for perjury.

Sincerely,

Sandra Greene, Esquire
140 Roosevelt Avenue, Suite 202
York, PA   17404
(717) 812-9080

Certificate Of Service

I hereby certify that I caused to be served upon the Respondents and the US Attorney a true and correct copy of this document by Express Mail and hand delivery, respectively, at the addresses listed below:

John Ashcroft, US Attorney General
US Department of Justice
PO Box 878, Ben Franklin Station
Washington, DC  20044

Charles Zemski, Acting District Director
US INS
1600 Callowhill Street-6th Floor
Philadelphia, PA  19130

US Attorney's Office
US Department Of Justice
228 Walnut Street-2nd Floor
Harrisburg, PA  17108

Sincerely,

Sandra Greene, Esquire
140 Roosevelt Ave, #202
York, PA 17404