**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

```
************************************  )
Vivienne Brammer,                    )
              Petitioner             )
                                     )
         v.                          )    Case No. _____
                                     )    Agency No.  76-577-739
John Ashcroft, U.S. Attorney General, )
Charles Zemski, Acting District Director, )
U.S. Immigration and Naturalization Service, )
Philadelphia District.               )
              Respondents            )
```

1:CV 01-0231

**FILED**
HARRISBURG, PA

FEB 5  2001

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

## LIST OF ATTACHMENTS

| Exhibit | Description |
|---------|-------------|
| A | Notice To Appear for Vivienne Brammer |
| B | Written Decision of the BIA |
| C. | Oral Decision Of The Immigration Judge |
| D. | Record Of Conviction (Court Of Common Pleas of Berks County, Pennsylvania-Docket Numbers 0206/99 and 4911/98) |

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A76 577 739

In the Matter of:

Respondent: BRAMMER, Viviene A.        Inmate # 6233-98

1287 COUNTY WELFARE RD.    BERKS COUNTY PRISON
LEESPORT                                              PA      19533      (610) 208-4800
(Number, street, city, state and ZIP code)                                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of JAMAICA and a citizen of JAMAICA;
3. You were admitted to the United States at Philadelphia, Pennsylvania on November 18, 1993 as a nonimmigrant visitor for pleasure (B-2);
4. On November 4, 1998, you adjusted your status to that of a Lawful Permanent Resident (LPR) pursuant to Section 245 of the Immigration and Nationality Act;
5. You were, on April 12, 1999, convicted in the Court of Common Pleas of Berks County, Pennsylvania of THEFT BY DECEPTION (2 counts), in violation of PA Crimes Code Title 18, Section 3922 (a)(1);
6. For that offense under docket number 0206-99, you were sentenced to imprisonment for not less than six (6) months and not more than twenty-three (23) months; however, you were on...

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act.

Section 237(a)(2)(A)(ii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: TO BE CALNEDARED AT A LATER DATE.

on _____ To be set _____ at _____ To be set _____ to show why you should not be removed from the United States based on the
            (Date)                            (Time)
charge(s) set forth above.

                                                        *Kevin F. O'Neil*
                                                        Kevin F. O'Neil, Acting ADDI
                                                        (Signature and Title of Issuing Officer)

Date: 7/7/99

                                        Philadelphia, PA
                                        (City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)



**U.S. Department of Ju~~~e**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Greene, Sandra L.**
**1251 Wallace Street, Suite #3**
**York, PA 17403-0000**

**INS LIT./York Co. Prison/YOR**
**3400 Concord Road**
**York, PA 17402**

**Name: BRAMMER, VIVIENE A.**                **A76-577-739**

<u>Date</u> of this notice: 11/13/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
GUENDELSBERGER, JOHN
JONES, PHILEMINA M.
MILLER, NEIL P.

ROBERTSB

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of    Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A76 577 739 - York, Pennsylvania

Date:    **NOV 1 3 2000**

In re:    VIVIENE A. BRAMMER

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Sandra L. Greene, Esquire

ON BEHALF OF SERVICE:   Maureen C. Gaffney
                        Assistant District Counsel

CHARGE:

    Notice:    Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                Convicted of aggravated felony

              237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
              Convicted of two or more crimes involving moral turpitude

ORDER:

    PER CURIAM. The respondent has appealed the decision of an Immigration Judge dated March 10, 2000. The respondent argues that the Immigration Judge erred by in finding her subject to removal and statutorily precluded from relief from removal. The respondent's appeal fee waiver request is granted. The appeal will be dismissed.[1]

    The record reflects that the respondent was convicted on April 12, 1999, in the Court of Common Pleas of Berks County, Pennsylvania, for the offense of Theft by Deception (2 counts) in violation of 18 Pa.C.S.A. § 3922(a)(1). The record indicates that the two counts that resulted in the respondent's conviction did not arise out of a single scheme of criminal conduct. The record reveals that the respondent was sentenced to a term of imprisonment of 6 to 23 months as a result of the convictions.

    The respondent contends that the Immigration Judge erred in finding that she had been convicted of an "aggravated felony," as that term is defined in section 101(a)(43)(G) of the Immigration and Nationality Act. The respondent further contends that the Immigration Judge erred in finding that

---

[1] We have accepted the respondent's appellate brief as timely filed.

she had been convicted of two crimes involving moral turpitude because the statute under which she was convicted does not require specific intent and is therefore not necessarily a crime involving moral turpitude.

Based upon our review of the record, we find no error in the Immigration Judge's determination that the respondent is subject to removal as charged. This Board has held that a taking of property constitutes a "theft offense" whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. *Matter of V-Z-S-,* Interim Decision 3434, at 10 (BIA 2000). Theft offenses "have been readily categorized as involving moral turpitude," however, "the specific statute under which the conviction occurred is controlling." *Matter of Lopez-Meza*, Interim Decision 3423, at 7-8 (BIA 1999). The term "theft" defined in the statute under which the respondent was convicted states that "[a] person is guilty of theft if he **intentionally** obtains or withholds property of another by deception."18 Pa.C.S.A. § 3922(a)(1) (emphasis added). Because the statute contains an element of specific intent, we find no error in the Immigration Judge's determination that the respondent's convictions for Theft by Deception are crimes involving moral turpitude.

As noted above, these crimes did not arise out of a single scheme of criminal misconduct. The record indicates that the crimes were unrelated and occurred at different times, between March 21, 1998, and November 17, 1998. *See Matter of Adetiba*, 20 I&N Dec. 506, 511-512 (BIA 1992) (each act in ongoing criminal scheme represents a distinct and separate crime). As the respondent has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, we find that the determination of the Immigration Judge that the respondent is deportable as charged is correct. *See* section 237(a)(2)(A)(ii) of the Act. Furthermore, because the respondent was sentenced to a term of incarceration of at least one year, she has also been convicted of an "aggravated felony," as defined in section 101(a)(43)(G) of the Act.

We further find no error in the Immigration Judge's determination that the respondent's conviction renders her statutorily ineligible for the relief of cancellation of removal under section 240A(a) of the Act. Aliens seeking relief under section 240A(a) of the Act are ineligible if they have "been convicted of any aggravated felony."

For the reasons stated above, the appeal is dismissed.

_____
FOR THE BOARD

2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
York, Pennsylvania

File No.:   A 76 577 739                        March 10, 2000

In the Matter of                    )
                                    )
VIVIENE A. BRAMMER,                 )        IN REMOVAL PROCEEDINGS
                                    )
        Respondent                  )

CHARGES:       Section 237(a)(2)(A)(iii) of the I&N Act –
               Aggravated felony by reference to INA Section
               101(a)(43)(G), theft offense for which the term of
               imprisonment is greater than one year; and

               Section 237(a)(2)(A)(ii) of the I&N Act – Two
               crimes involving moral turpitude not arising out
               of a single scheme of criminal misconduct.


APPLICATION:


ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Sandra Greene, Esquire                Maureen Gaffney, Esquire
140 Roosevelt Avenue                  Assistant District Counsel
Suite 202                             3400 Concord Road
York, Pennsylvania  17404             York, Pennsylvania  17402


                ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent's admitted being a citizen and native of

Jamaica, who entered the United States as a non-immigrant visitor

for pleasure in 1993 and adjusted her status to lawful permanent

resident on November 4, 1998.  She also admitted being convicted

on April 12, 1999 for two counts of theft by deception.  These

two crimes did not arise out of a single scheme of criminal

misconduct, according to her admission.  She denied that the

PAL

sentence was six months to 23 months, and the Court finds, by
reference to Exhibit B, submitted by the Immigration Service,
that the sentence was from six months to 23 months, and so
allegation six, though denied, is found to be sustained.

The respondent has denied removability as charged
because she alleges the crime of theft by deception, under
Pennsylvania statute, is not a crime involving moral turpitude
and is not an aggravated felony.  This is argued by virtue of the
specific language in the Pennsylvania statute.  The Court has
examined carefully the briefs of the respondent and of the
Immigration Service, and while a linguistic argument of serious
proportions has been made, the Court believes that, ultimately,
the argument must fail.  The term "intentionally" is defined in
Pennsylvania law, under Section 302(b), in several different
ways, but it is important that intentionally and knowingly both
receive their separate definitions.  The definition of
"intentionally" includes that it's a person's "conscious object
to engage in conduct or to cause a certain result."  It also says
that if there are certain intended circumstances involved in the
intentionality, the perpetrator must be aware of the existence of
such circumstances and must, at least, believe or hope that those
circumstances exist.  The statute in question permits conviction
when a person creates or reinforces a false impression and then
acts on what it hopes or believes that impression to be by
acquiring something of value from another person, or depriving

A 76 577 739                    2              March 10, 2000

PAL

that other person of something of value, Pennsylvania statute,

Section 3922(a).  We've been pointed to case law, and it appears

that the main case in which this issue has been addressed, or

analogous issue, at least, is <u>Commonwealth v. Linder</u>, 284 PA

<u>supra</u>, 327, 334, 425 Atl. 2.d 1126, 1129-30 (1981), which says,

"Section 3922 of the Crimes Code clearly gives a person of

ordinary intelligence notice that it is unlawful for that person

to intentionally create a false impression in the mind of another

and then <u>use the other person's reliance on the false impression</u>

to obtain someone else's property.  This statute does not

penalize a person for what is in his mind, as appellant argues,

but rather it punishes a person for his actions in creating a

false impression and thereby obtaining another's property."  This

citation addresses a point that's not raised in this particular

case, that is, the respondent is not arguing before a

Pennsylvania Court that she is being punished only for creating a

false impression, but rather is arguing here that is it possible

for her to be convicted by creating an impression that she does

not know is false.  The Court has considered carefully this view

and holds that the cited section requires for a conviction that a

person "intentionally create a false impression in the mind of

another."  If a person unintentionally creates a false impression

in the mind of another, the person cannot be convicted.  This

means that if a person intentionally creates an impression that

the person (the defendant in the case) does not know is false,

A 76 577 739                      3                 March 10, 2000

PAL

then such person has only unintentionally created a false impression in the mind of another and has not done so intentionally.  In other words, if the respondent's actions in this case were such that they would not constitute a crime involving moral turpitude, or a theft offense for Immigration purposes, i.e. that she did not have any knowledge that the impression she intentionally created was false, the Court believes that she would not be convicted under this statute. Since she was convicted under this statute, as interpreted by the Pennsylvania Courts, it is clear that she has been convicted of a crime involving moral turpitude because there is the intention to create an impression that she knows is false and there is an intention to deprive a person of property on the basis of that impression.  It also constitutes a theft offense because it involves the taking of property under, in this case, false pretenses, and it meets the general definition then of theft. See the Immigration Services brief and citation to Black's Law Dictionary.  And the Court, therefore, finds that the respondent's been convicted of an aggravated felony and has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  She appears not to be eligible for any form of relief, and the Court must, therefore, enter the following order:

ORDER

IT IS ORDERED that the respondent be deported from the

A 76 577 739                    4                    March 10, 2000

PAL

United States to Jamaica.


_____
WILLIAM VAN WYKE
Immigration Judge

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

WILLIAM VAN WYKE in the matter of:

VIVIENE A. BRAMMER

A 76 577 739

York, PA

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_(PATRICIA LINDENMUTH, Transcriber)_

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

April 30, 2000
(Completion Date)

onwealth of Pennsyl

v.

Viviane Adasser Brammer

Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

Criminal Action _206-99_

Count No. _1 Theft by_
_Deception_

### Sentence Order

Page 1 of 2

AND NOW, _April 12_, 19 _99_ the sentence is that the defendant be committed for a period of not less than _6_ (hrs), (days), (months), (years) nor more than _23_ (days) (months), (years) to:

( ✓ )  the Berks County Prison, and upon completion of his/her minimum sentence shall be released without a petition upon approval of a suitable parole plan by the Berks County Parole Office.
( )  the Bureau of Corrections for confinement in a State Correctional Facility.
( )  Defendant to be eligible for furlough with electronic monitoring after serving _____ (days), (months) of sentence, as determined by Berks County Parole Office. (Non IPP Sentence)
( )  Defendant to be released from Berks County Prison ___/___/___ and to be placed on electronic monitoring for _____ (days), (months), under the supervision of the Berks County Parole Office, and shall pay $ _____ per day for the use of the equipment, with $ _____ due for installation costs upon release. Electronic monitoring equipment shall be installed on or before _____.
( ✓ )  This sentence shall be effective this date.
( )  This sentence shall be effective this date and will be concurrent with the sentence(s) imposed at Criminal Action No(s). _____
( )  This sentence shall commence at the expiration of the sentence(s) imposed at Criminal Action No(s). _____ ( ) and shall be consecutive to said sentence(s), ( ) and will be concurrent with _____.
  The defendant is to receive credit for _25_ days served.

**In addition to the above confinement, Defendant shall:**

( ✓ )  Pay the costs of prosecution.
( ✓ )  Pay a fine in the sum $ _____ 50.00 .
( )  Pay no restitution.
( )  Pay no restitution by agreement of counsel.
( ✓ )  Pay restitution in the amount of $ _33,648.75_ , joint and several, as agreed to by counsel and distributed by the Clerk of Courts, as directed by the District Attorney.
( )  Pay restitution as agreed to by Counsel, as stated in an Order which shall be submitted by the District Attorney within sixty (60) days, and to be distributed by the Clerk of Courts as directed by the District Attorney, _or_ the District Attorney shall petition for a hearing within sixty (60) days.
( ✓ )  Restitution shall be paid before fines and costs.
( ✓ )  Submit to urine surveillance and other testing, and pay the costs of such testing as directed.
( ✓ )  Participate in any treatment programs, including inpatient treatment, such as: _____ drug and alcohol, _____ mental health, _____ sex offender therapy, _____ other _____, as directed by the Berks County Parole Office and/or the Pa. Board of Parole as applicable, and pay the costs thereof as directed.
( )  Because the sentence is pursuant to the Controlled Substance, Drug, Device and Cosmetic Act of Pennsylvania, all Federal Benefits are hereby denied in accordance with the provision of Section 5301 of the Federal Anti-Drug Abuse Act of 1988, P.L. No. 100-690 for the following term of years:

  Possessor:      ( ) This being a first offense for a period of ____. (Cannot exceed one [1] year).
              ( ) This being a second or subsequent offense for a period of _____.
                (Cannot exceed five [5] years).
  Trafficker:     ( ) This being a first offense for a period of ____. (Cannot exceed one [1] year).
              ( ) This being a second offense for a period of ____. (Cannot exceed ten [10] years).

Commonwealth of Pennsylvania

v.

Viviene Adesser Brammer

In the Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

Criminal Action _206-99_

Count No. _1 Theft by_
_Deception_

**Sentence Order**                                                    **Page 2 of 2**

**The defendant shall also:**

( )   Pay the sum of $_____ towards the cost of the Court Reporting Network.

( )   Attend the Alcohol Safe Driving Program and pay $_____ towards the cost of said program within thirty (30) days of being paroled.

(✓)   Pay the sum of $ _25.00_ to the County of Berks each month towards the cost of supervisory control, with payment to begin (upon being paroled), (effective date of sentence). (Not to exceed $ _425.00_ ).

( )   Pay the sum of $_____, to be distributed as provided for in 42 Pa. C.S. Section 3571 and Section 3573 among the Commonwealth, Berks County and/or municipality.

( )   Participate in _____ hours of Community Service, to be completed on or before _____ and pay any fees established.

( )   Undergo treatment under the Vehicle Code 75 Pa. C.S. Section 1548(d) (Act 122 of 1990).

**This is a case:**

( )   Involving drugs with a value of more than $1,000.00

( )   In which a motor vehicle was essentially involved.
      ( ) and in which the vehicle driven by the defendant was a commercial vehicle.

( )   Other Special Conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Defendant shall be subject to such conditions governing parole, including a plan for the payment of costs, fines, and/or restitution as established by the Berks County Parole Office, or as established by the Pennsylvania Board of Parole, as applicable.**

BY THE COURT:

_____

J.

White & Blue-Clerk of Courts, Green-Adult Probation, Canary-Prison, Pink-Defendant, Pink-Defense Counsel,

GP/M

COMMONWEALTH OF PENNSYLVANIA

v.

Viviene Adassar Brammer

In the Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

Criminal Action No. 4911-98

Count No. 1 Theft & Deception

### PROBATION ORDER

Page 1 of 2

AND NOW, April 12, 1999, the order is that the Defendant be placed on probation for a period of 5 (days), (months), (years) under the supervision of:

( ✓ ) the Berks County Probation Office.
( ) the Pennsylvania Board of Parole.
( ) the County State of residence by transfer through the Inter-State Compact or Intra-State Agreement.
( ✓ ) the probation period shall commence on: ( ) this date, ( ) and be concurrent with criminal action number(s) _____, ( ✓ ) at the expiration of the ( ✓ ) sentence(s), ( ) probation order to Criminal Action No(s), 206-99 Ct 1, ( ) and will be concurrent with _____.
( ) Defendant to be placed on probation with electronic monitoring, in lieu of incarceration, for _____ (days), (months), under the supervision of the Berks County Probation Office, and shall pay $_____ per day for the use of the equipment, with $_____ due for installation costs, upon release.

Electronic monitoring equipment shall be installed on or before _____.

**In addition to the above probation, the Defendant shall:**

( ✓ ) Pay the costs of prosecution. Co. Use
( ✓ ) Pay the sum of $ 50.00 Co. Use to the use of the County.
( ) Pay no restitution.
( ) Pay no restitution by agreement of counsel. Indict.
( ✓ ) Pay restitution in the amount of $ 496.17, joint and several, as agreed to by counsel and distributed by the Clerk of Courts, as directed by the District Attorney.
( ) Pay restitution as agreed to by Counsel, as stated in an Order which shall be submitted by the District Attorney within sixty (60) days, and to be distributed by the Clerk of Courts as directed by the District Attorney, or the District Attorney shall petition for a hearing within sixty (60) days.
( ✓ ) Restitution shall be paid before fines and costs.
( ✓ ) Submit to urine surveillance and other testing, and pay the costs of such testing as directed.
( ✓ ) Participate in any program, including inpatient treatment, such as: _____ drug and alcohol, _____ mental health, _____ sex offender therapy, _____ other _____, as directed by the Berks County Probation Office and/or the Pa. Board of Parole as applicable, and pay the costs thereof as directed.
( ) Because the order is pursuant to the Controlled Substance, Drug, Device and Cosmetic Act of Pennsylvania, all Federal Benefits are hereby denied in accordance with the provisions of Section 5301 of the Federal Anti-Drug-Abuse Act of 1988, P.L. No. 100-690 for the following term of years:

Possessor:  ( ) This being a first offense for a period of _____. (Cannot exceed one [1] year).
( ) This being a second or subsequent offense for a period of _____. (Cannot exceed five [5] years).

Trafficker: ( ) This being a first offense for a period of _____. (Cannot exceed one [1] year).
( ) This being a second offense for a period of _____. (Cannot exceed ten [10] years).
( ) This being a third or subsequent offense, for life.

Extract from the
Certified this 20th day
JAMES P. TROUTMAN
CLERK OF Courts, BERKS CRIMINAL DIVISION

White-Court Papers, Blue-Adult Probation, Yellow-Prison, Pink-Defendant, Pink-Defense Counsel, Goldenrod-District Attorney,
Canary-Judge

Per Sandra Borrell    Deputy

160-121-7/98

COMMONWEALTH OF PENNSYLVANIA

v.

*Viviene Adassar Brammer*

In the Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

Criminal Action No. _*4911-98*_

Count No. *1 Theft by Deception*

### PROBATION ORDER

Page 2 of 2

**The defendant shall also:**

( ✓ )    Pay the sum of $ *25.00* to the County of Berks each month towards the cost of supervisory control with payments to begin (immediately), (effective date of sentence). (Not to exceed $ *1500.00*. Supv-750  Svcs-750

(    )    Participate in _____ hours of Community Service as directed by the Berks County Community Service Department, to be completed on or before _____, and pay any fees established.

**This is a case:**

(    )    Involving drugs with a value of more than $1,000.00

(    )    In which a motor vehicle was essentially involved.

      ( ) and in which the vehicle driven by the defendant was a commercial vehicle.

(    )    Other Special Conditions:

_____

_____

_____

_____

_____

_____

Defendant shall be subject to such conditions governing probation, including a plan for payment of costs, fees for use of the county, and/or restitution and said monies are to be paid before the end of the *57* month of the probationary period as established by the Berks County Probation Office, or as established by the Pa. Board of Parole as applicable.

BY THE COURT:

_____ J.

White & Blue-Clerk of Courts, Green-Adult Probation, Canary-Prison, Pink-Defendant, Pink-Defense Counsel, Goldenrod-District Attorney, Canary-Judge

160-121-7/98

Certificate Of Service

    I hereby certify that I caused to be served upon the Respondents and the US Attorney a true and correct copy of this document by Express Mail and hand delivery, respectively, at the addresses listed below:

John Ashcroft, US Attorney General
US Department of Justice
PO Box 878, Ben Franklin Station
Washington, DC   20044

Charles Zemski, Acting District Director
US INS
1600 Callowhill Street-6th Floor
Philadelphia, PA   19130

US Attorney's Office
US Department Of Justice
228 Walnut Street-2nd Floor
Harrisburg, PA   17108

Sincerely,

Sandra Greene, Esquire
140 Roosevelt Ave., #202
York, PA 17404