# ORIGINAL

(6)

3-2-01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VIVIENNE BRAMMER,                          :        1:CV-01-0231
                                           :
                Plaintiff                  :        (Judge Kane)
                                           :
        v.                                 :
                                           :
JOHN ASHCROFT, United States               :
Attorney General; and CHARLES              :
ZEMSKI, Acting District Director,          :
Immigration and Naturalization             :        FILED
Service, Philadelphia District,            :        HARRISBURG
                                           :
                Respondents                :        MAR 0 1 2001
                                           :
                                                    MARY E. D'ANDREA, CLERK
                                                    Per _____
                                                           DEPUTY CLERK

### RESPONDENTS' EXHIBITS IN SUPPORT
### OF THEIR RESPONSE TO HABEAS CORPUS PETITION

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

Date: March 1, 2000

**TAB - 1**

**U.S. Department of Justice**
Immigration and Naturalization Service

 

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A76 577 739

In the Matter of:

Respondent:      Inmate # 6233-98      BRAMMER, Viviene A.

BERKS COUNTY PRISON
1287 COUNTY WELFARE RD.
LEESPORT          PA    19533     (610) 208-4800

                (Number, street, city, state and ZIP code)                         (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of JAMAICA and a citizen of JAMAICA;
3. You were admitted to the United States at Philadelphia, Pennsylvania on November 18, 1993 as a nonimmigrant visitor for pleasure (B-2);
4. On November 4, 1998, you adjusted your status to that of a Lawful Permanent Resident (LPR) pursuant to Section 245 of the Immigration and Nationality Act;
5. You were, on April 12, 1999, convicted in the Court of Common Pleas of Berks County, Pennsylvania of THEFT BY DECEPTION counts), in violation of PA Crimes Code Title 18, Section 3922 (a)(1);
6. For that offense under docket number 0206-99, you were sentenced to imprisonment for not less than six (6) months and not more th twenty-three (23) months.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act.

Section 237(a)(2)(A)(ii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have b convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)     ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:   TO BE CALNEDARED AT A LATER DATE.

                             (Complete Address of Immigration Court, Including Room Number, if any)

on    To be set    at    To be set    to show why you should not be removed from the United States based on the
      (Date)             (Time)
charge(s) set forth above.

*Kevin F. O'Neil*

Kevin F. O'Neil, Acting ADDI
                 (Signature and Title of Issuing Officer)

Date:    7/7/99                                Philadelphia, PA
                                                 (City and State)

## See reverse for important information

ExH. 1

Form I-862 (Rev. 4-1-97)

## See reverse for important information

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appear before an immigration judge.

_____
(Signature of Respondent)

Before: _____

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ____7/14/99____ , in the following manner and in
                                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

☐ in person          ☐ by certified mail, return receipt requested          ☒ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Mark W. Olexa, SA/PHL_

_____                    _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

**U.S. Department of Justice**
Immigration and Naturalization Service



# Notice of Custody Determination

| | |
|---|---|
| File No: | A 76577739 |
| Date: | Oct 5 1999 |

BRAMMER, Viviene          BCP#  6233-98

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the Immigration Judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☑ detained in the custody of this Service.

☐ released under bond in the amount of $ _____ .

☐ released on your own recognizance.

☐ You may request a review of this determination by an Immigration Judge.

☐ You may not request a review of this determination by an Immigration Judge because the Immigration and Nationality Act prohibits your release from custody.

_Theodore R. Nordmark_
(Signature of authorized officer)

ADD/DDP
(Title of authorized officer)

Philadelphia, PA
(INS office location)

☐ do  ☐ do not request a redetermination of this custody decision by an Immigration Judge.

☐ I acknowledge receipt of this notification.

_____          _____
(Signature of respondent)                                (Date)

---

## RESULT OF CUSTODY REDETERMINATION

On _____ , custody status/conditions for release were reconsidered by:

☐ Immigration Judge          ☐ District Director          ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Orignial determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to _____

☐ Release - Order of Recognizance.
☐ Release - Personal Recognizance.
☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)

EXHIBIT - 2



JAN 0 6 1998

# INFORMATION

## IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA

### DOCKET NO. 4911/98

*COMMONWEALTH OF PENNSYLVANIA*

*vs.*

### *VIVIENE ADASSAR BRAMMER*

*The District Attorney of Berks County, by this Information, charges that:*

**Count No. 1 -**                    **THEFT BY DECEPTION**

THE DEFENDANT DID, on or about DECEMBER 7, 1994, in the County aforesaid, intentionally obtain or withhold property, of another, by deception, by intentionally creating or reinforcing a false impression, including false impressions as to law, value, intention or other state of mind, to wit: CHECK #0301-09960, having a value of $496.17 more or less, in violation of 18 Pa.C.S.A. §3922(a)(1).  Grading: M1.

**Count No. 2 -**                    **RECEIVING STOLEN PROPERTY**

THE DEFENDANT DID, on or about DECEMBER 7, 1994, in the County aforesaid, intentionally receive, retain or dispose of the movable property of another, having a value of $496.17, more or less, knowing that it had been stolen, or believing that it had probably been stolen, the property not being received, retained or disposed of, with the intent to restore it to the owner, in violation of 18 Pa.C.S.A. §3925(a).  Grading: M1.

**All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.**

_____1/6/99_____
**Date**

*Michael J. Stackow*
**Assistant District Attorney**

Extract from the record of said court
Page 1 of 1
Certified this 10th April 19 99
Clerk of Common Pleas Criminal Division
Per _Sandra Bonell_ Deputy

ExH. 2

**EXHIBIT - 3**

COMMONWEALTH OF PENNSYLVANIA

In the Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

v.

Criminal Action No. _____ 4911-98 _____

Viviene Adassar Brammer

Count No. _1_ Theft by Deceptio

## PROBATION ORDER

Page 1 of 2

AND NOW, _____April 12_____, 19 99 , the order is that the Defendant be placed on probation for a period of _____5_____ (days), (months), (years) under the supervision of:

( ✓ ) the Berks County Probation Office.
( ) the Pennsylvania Board of Parole.
( ) the County State of residence by transfer through the Inter-State Compact or Intra-State Agreement.
( ✓ ) the probation period shall commence on: ( ) this date, ( ) and be concurrent with criminal action number(s) _____, ( ✓ ) at the expiration of the ( ✓ ) sentence(s), ( ) probation order to Criminal Action No(s), 206-99 ct 1 , ( ) and will be concurrent with _____.
( ) Defendant to be placed on probation with electronic monitoring, in lieu of incarceration, for _____ (days), (months), under the supervision of the Berks County Probation Office, and shall pay $_____ per day for the use of the equipment, with $_____ due for installation costs, upon release.

Electronic monitoring equipment shall be installed on or before _____.

**In addition to the above probation, the Defendant shall:**

( ✓ ) Pay the costs of prosecution.
( ✓ ) Pay the sum of $ _____50.00 Co Use_____ to the use of the County.
( ) Pay no restitution.
( ) Pay no restitution by agreement of counsel.
( ✓ ) Pay restitution in the amount of $_____996.17_____, joint and several, as agreed to by counsel and distributed by the Clerk of Courts, as directed by the District Attorney.
( ) Pay restitution as agreed to by Counsel, as stated in an Order which shall be submitted by the District Attorney within sixty (60) days, and to be distributed by the Clerk of Courts as directed by the District Attorney, or the District Attorney shall petition for a hearing within sixty (60) days.
( ✓ ) Restitution shall be paid before fines and costs.
( ✓ ) Submit to urine surveillance and other testing, and pay the costs of such testing as directed.
( ✓ ) Participate in any program, including inpatient treatment, such as: _____ drug and alcohol, _____ mental health, _____ sex offender therapy, _____ other _____, as directed by the Berks County Probation Office and/or the Pa. Board of Parole as applicable, and pay the costs thereof as directed.
( ) Because the order is pursuant to the Controlled Substance, Drug, Device and Cosmetic Act of Pennsylvania, all Federal Benefits are hereby denied in accordance with the provisions of Section 5301 of the Federal Anti-Drug Abuse Act of 1988, P.L. No. 100-690 for the following term of years:

Possessor: ( ) This being a first offense for a period of_____. (Cannot exceed one [1] year).
( ) This being a second or subsequent offense for a period of_____ (Cannot exceed five [5] years).

Trafficker: ( ) This being a first offense for a period of_____. (Cannot exceed one [1] year).
( ) This being a second offense for a period of_____. (Cannot exceed ten [10] years).
( ) This being a third or subsequent offense, for life.

Extract from the

Certified this 20th day _____

JAMES P. TROUTMAN

White-Adult Probation, Canary-County Prison, Pink-Defendant, Pink-Defense Counsel, Goldenrod-District Attorney,

CLERK OF COURTS. (Green-Adult Probation

Canary-Judge

160-121-7/98

Per _____Sandra Borull_____ **Deputy**

EXH. 3

COMMONWEALTH OF P⏑⏑⏑YLVANIA

v.

_Viviene Adassar Brammer_

In the Court⏑⏑⏑⏑mmon Pleas
of Berks Cou⏑⏑y, Pennsylvania
Criminal Division

Criminal Action No. _4911-9F_

Count No. _1 Theft by Deception_

**PROBATION ORDER**                                         Page 2 of 2

**The defendant shall also:**

( ✓ )  Pay the sum of $ _25-00_ to the County of Berks each month towards the cost of supervisory control with payments to begin (immediately), (effective date of sentence). (Not to exceed $ _1500,00_ Supo- with payments to begin (immediately), (effective date of sentence). (Not to exceed $ _1500,00_ SupS-

( )  Participate in _____ hours of Community Service as directed by the Berks County Community Service Department, to be completed on or before _____, and pay any fees established.

**This is a case:**

( )  Involving drugs with a value of more than $1,000.00

( )  In which a motor vehicle was essentially involved.

    ( ) and in which the vehicle driven by the defendant was a commercial vehicle.

( )  Other Special Conditions:

_____

_____

_____

_____

_____

_____

Defendant shall be subject to such conditions governing probation, including a plan for payment of costs, fees for use of the county, and/or restitution and said monies are to be paid before the end of the _57_ month of the probationary period as established by the Berks County Probation Office, or as established by the Pa. Board of Parole as applicable.

BY THE COURT:

_____ J.

White & Blue-Clerk of Courts, Green-Adult Probation, Canary-Prison, Pink-Defendant, Pink-Defense Counsel, Goldenrod-District Attorney, Canary-Judge

160-121-7/98

# EXHIBIT - 4



JAN 28 1999

# INFORMATION

## IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA

### DOCKET NO. 0206/99

*COMMONWEALTH OF PENNSYLVANIA*

*vs.*

*VIVIENE A. BRAMMER*

*The District Attorney of Berks County, by this Information, charges that:*

**Count No. 1 -**  **THEFT BY DECEPTION**

THE DEFENDANT DID, on or about MARCH 21, 1998 THROUGH NOVEMBER 17, 1998, in the County aforesaid, intentionally obtain or withhold property, of another, by deception, by intentionally creating or reinforcing a false impression, including false impressions as to law, value, intention or other state of mind, to wit: US CURRENCY, having a value of $29363.35 more or less, in violation of 18 Pa.C.S.A. §3922(a)(1).  Grading: F3.

**Count No. 2 -**  **RECEIVING STOLEN PROPERTY**

THE DEFENDANT DID, on or about MARCH 21, 1998 THROUGH NOVEMBER 17, 1998, in the County aforesaid, intentionally receive, retain or dispose of the movable property of another, having a value of $29363.25, more or less, knowing that it had been stolen, or believing that it had probably been stolen, the property not being received, retained or disposed of, with the intent to restore it to the owner, in violation of 18 Pa.C.S.A. §3925(a). Grading: F3.

**All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.**

1/25/99
**Date**

**Assistant District Attorney**

Page 1 of 1

Extract from the record of said court
Certified this 20th day of April 19 99
JAMES _____
Clerk of Common Pleas - Criminal Division
Per _Sandra Bonell_ Deputy

EXH. 4

# EXHIBIT - 5

Commonwealth of Pennsyl.                              Court of Common Pleas
                                                     of Berks County, Pennsylvania
                    v.                               Criminal Division

Viviene Adasser Brammer                              Criminal Action _206-99_

                                                     Count No. _1 Theft by_
                                                     _Deception_

                    **Sentence Order**                              **Page 1 of 2**

AND NOW, _April 12_____, 19 _99_ the sentence is that the defendant be committed for a
period of not less than ___6___ (hrs), (days), (months), (years) nor more than __2-3___ (days) (months),
(years) to:

( ✓ )  the Berks County Prison, and upon completion of his/her minimum sentence shall be released
       without a petition upon approval of a suitable parole plan by the Berks County Parole Office.
( )    the Bureau of Corrections for confinement in a State Correctional Facility.
( )    Defendant to be eligible for furlough with electronic monitoring after serving _____ (days),
       (months) of sentence, as determined by Berks County Parole Office. (Non IPP Sentence)
( )    Defendant to be released from Berks County Prison ____/____/____ and to be placed on electronic
       monitoring for _____ (days), (months), under the supervision of the Berks County Parole Office,
       and shall pay $ _____ per day for the use of the equipment, with $ _____ due for installation costs
       upon release. Electronic monitoring equipment shall be installed on or before _____.
( ✓ )  This sentence shall be effective this date.
( )    This sentence shall be effective this date and will be concurrent with the sentence(s) imposed at Criminal
       Action No(s). _____
( )    This sentence shall commence at the expiration of the sentence(s) imposed at Criminal Action
       No(s). _____ ( ) and shall be consecutive to said
       sentence(s), ( ) and will be concurrent with _____.
       The defendant is to receive credit for __95___ days served.

**In addition to the above confinement, Defendant shall:**

( ✓ )  Pay the costs of prosecution.
( ✓ )  Pay a fine in the sum $ __~~250~~ £50.oo__
( )    Pay no restitution.
( )    Pay no restitution by agreement of counsel.
( ✓ )  Pay restitution in the amount of $ _33,678.75_, joint and several, as agreed to by counsel
       and distributed by the Clerk of Courts, as directed by the District Attorney.
( )    Pay restitution as agreed to by Counsel, as stated in an Order which shall be submitted by the District
       Attorney within sixty (60) days, and to be distributed by the Clerk of Courts as directed by the District
       Attorney, or the District Attorney shall petition for a hearing within sixty (60) days.
( ✓ )  Restitution shall be paid before fines and costs.
( ✓ )  Submit to urine surveillance and other testing, and pay the costs of such testing as directed.
( ✓ )  Participate in any treatment programs, including inpatient treatment, such as: __✓__ drug and alcohol,
       __✓__ mental health, _____ sex offender therapy, _____ other _____, as directed
       by the Berks County Parole Office and/or the Pa. Board of Parole as applicable, and pay the costs thereof
       as directed.
( )    Because the sentence is pursuant to the Controlled Substance, Drug, Device and Cosmetic Act of
       Pennsylvania, all Federal Benefits are hereby denied in accordance with the provision of Section 5301 of
       the Federal Anti-Drug Abuse Act of 1988, P.L. No. 100-690 for the following term of years:

       Possessor:    ( ) This being a first offense for a period of ____. (Cannot exceed one [1] year).
                     ( ) This being a second or subsequent offense for a period of _____.
                         (Cannot exceed five [5] years).
       Trafficker:   ( ) This being a first offense for a period of ____. (Cannot exceed one [1] year).
                     ( ) This being a second offense for a period of ____. (Cannot exceed ten [10] years).
                     ( ) This being a third or subsequent offense, for life.

White & Blue-Clerk of Courts, Green-Adult Probation, Canary-Prison, Pink-Defendant, Pink-Defense Counsel,

Commonwealth of Pennsylvania

v.

Vivlene Adesser Brammer

In the Court of Common Pleas
of Berks County, Pennsylvania
Criminal Division

Criminal Action _206-99_

Count No. _1 Theft by Deception_

### Sentence Order

Page 2 of 2

**The defendant shall also:**

(   )   Pay the sum of $ _____ towards the cost of the Court Reporting Network.

(   )   Attend the Alcohol Safe Driving Program and pay $ _____ towards the cost of said program within thirty (30) days of being paroled.

( ✓ )   Pay the sum of $ _25.00_ to the County of Berks each month towards the cost of supervisory control, with payment to begin (upon being paroled), (effective date of sentence).
(Not to exceed $ _425.00_ ).

(   )   Pay the sum of $ _____, to be distributed as provided for in 42 Pa. C.S. Section 3571 and Section 3573 among the Commonwealth, Berks County and/or municipality.

(   )   Participate in _____ hours of Community Service, to be completed on or before _____ and pay any fees established.

(   )   Undergo treatment under the Vehicle Code 75 Pa. C.S. Section 1548(d) (Act 122 of 1990).

**This is a case:**

(   )   Involving drugs with a value of more than $1,000.00

(   )   In which a motor vehicle was essentially involved.
    (   ) and in which the vehicle driven by the defendant was a commercial vehicle.

(   )   Other Special Conditions:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Defendant shall be subject to such conditions governing parole, including a plan for the payment of costs, fines, and/or restitution as established by the Berks County Parole Office, or as established by the Pennsylvania Board of Parole, as applicable.

BY THE COURT:

_____

White & Blue-Clerk of Courts, Green-Adult Probation, Canary-Prison, Pink-Defendant, Pink-Defense Counsel, Goldenrod-District Attorney, Canary-Judge

160-120-7/98

**EXHIBIT - 6**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
York, Pennsylvania

File No.:    A 76 577 739                    March 10, 2000

In the Matter of                )
                                )
VIVIENE A. BRAMMER,             )        IN REMOVAL PROCEEDINGS
                                )
        Respondent              )

CHARGES:        Section 237(a)(2)(A)(iii) of the I&N Act –
                Aggravated felony by reference to INA Section
                101(a)(43)(G), theft offense for which the term of
                imprisonment is greater than one year; and

                Section 237(a)(2)(A)(ii) of the I&N Act – Two
                crimes involving moral turpitude not arising out
                of a single scheme of criminal misconduct.

APPLICATION:

ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:

Sandra Greene, Esquire                  Maureen Gaffney, Esquire
140 Roosevelt Avenue                    Assistant District Counsel
Suite 202                               3400 Concord Road
York, Pennsylvania  17404               York, Pennsylvania  17402

## ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent's admitted being a citizen and native of

Jamaica, who entered the United States as a non-immigrant visitor

for pleasure in 1993 and adjusted her status to lawful permanent

resident on November 4, 1998.  She also admitted being convicted

on April 12, 1999 for two counts of theft by deception.  These

two crimes did not arise out of a single scheme of criminal

misconduct, according to her admission.  She denied that the

Exh. 6

PAL

sentence was six months to 23 months, and the Court finds, by
reference to Exhibit B, submitted by the Immigration Service,
that the sentence was from six months to 23 months, and so
allegation six, though denied, is found to be sustained.

The respondent has denied removability as charged
because she alleges the crime of theft by deception, under
Pennsylvania statute, is not a crime involving moral turpitude
and is not an aggravated felony.  This is argued by virtue of the
specific language in the Pennsylvania statute.  The Court has
examined carefully the briefs of the respondent and of the
Immigration Service, and while a linguistic argument of serious
proportions has been made, the Court believes that, ultimately,
the argument must fail.  The term "intentionally" is defined in
Pennsylvania law, under Section 302(b), in several different
ways, but it is important that intentionally and knowingly both
receive their separate definitions.  The definition of
"intentionally" includes that it's a person's "conscious object
to engage in conduct or to cause a certain result."  It also says
that if there are certain intended circumstances involved in the
intentionality, the perpetrator must be aware of the existence of
such circumstances and must, at least, believe or hope that those
circumstances exist.  The statute in question permits conviction
when a person creates or reinforces a false impression and then
acts on what it hopes or believes that impression to be by
acquiring something of value from another person, or depriving

A 76 577 739                    2                  March 10, 2000

PAL

that other person of something of value, Pennsylvania statute,

Section 3922(a).  We've been pointed to case law, and it appears

that the main case in which this issue has been addressed, or

analogous issue, at least, is <u>Commonwealth v. Linder</u>, 284 PA

<u>supra</u>, 327, 334, 425 Atl. 2.d 1126, 1129-30 (1981), which says,

"Section 3922 of the Crimes Code clearly gives a person of

ordinary intelligence notice that it is unlawful for that person

to intentionally create a false impression in the mind of another

and then <u>use the other person's reliance on the false impression</u>

to obtain someone else's property.  This statute does not

penalize a person for what is in his mind, as appellant argues,

but rather it punishes a person for his actions in creating a

false impression and thereby obtaining another's property."  This

citation addresses a point that's not raised in this particular

case, that is, the respondent is not arguing before

Pennsylvania Court that she is being punished only for creating a

false impression, but rather is arguing here that is it possible

for her to be convicted by creating an impression that she does

not know is false.  The Court has considered carefully this view

and holds that the cited section requires for a conviction that a

person "intentionally create a false impression in the mind of

another."  If a person unintentionally creates a false impression

in the mind of another, the person cannot be convicted.  This

means that if a person intentionally creates an impression that

the person (the defendant in the case) does not know is false,

A 76 577 739                      3                 March 10, 2000

PAL

then such person has only unintentionally created a false
impression in the mind of another and has not done so
intentionally.  In other words, if the respondent's actions in
this case were such that they would not constitute a crime
involving moral turpitude, or a theft offense for Immigration
purposes, i.e. that she did not have any knowledge that the
impression she intentionally created was false, the Court
believes that she would not be convicted under this statute.
Since she was convicted under this statute, as interpreted by the
Pennsylvania Courts, it is clear that she has been convicted of a
crime involving moral turpitude because there is the intention to
create an impression that she knows is false and there is an
intention to deprive a person of property on the basis of that
impression.  It also constitutes a theft offense because it
involves the taking of property under, in this case, false
pretenses, and it meets the general definition then of theft.
See the Immigration Services brief and citation to Black's Law
Dictionary.  And the Court, therefore, finds that the
respondent's been convicted of an aggravated felony and has been
convicted of two crimes involving moral turpitude not arising out
of a single scheme of criminal misconduct.  She appears not to be
eligible for any form of relief, and the Court must, therefore,
enter the following order:

ORDER

IT IS ORDERED that the respondent be deported from the

A 76 577 739                    4                March 10, 2000



PAL

        United States to Jamaica.


                                    _____
                                    WILLIAM VAN WYKE
                                    Immigration Judge




## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

WILLIAM VAN WYKE in the matter of:

VIVIENE A. BRAMMER

A 76 577 739

York, PA

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

(PATRICIA LINDENMUTH, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

April 30, 2000
(Completion Date)

# EXHIBIT - 7

 

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia. 22041*

Greene, Sandra L.                              INS LIT./York Co. Prison/YOR
1251 Wallace Street, Suite #3                  3400 Concord Road
York, PA 17403-0000                            York, PA 17402


Name: BRAMMER, VIVIENE A.                       A76-577-739

                                                Date of this notice: 11/13/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman


Enclosure


Panel Members:
   GUENDELSBERGER, JOHN
   JONES, PHILEMINA M.
   MILLER, NEIL P.

Exh. 7

ROBERTSB

Department of Justice                                  Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:   A76 577 739 - York, Pennsylvania                    Date:

NOV 1 3 2000

In re:   VIVIENE A. BRAMMER

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Sandra L. Greene, Esquire

ON BEHALF OF SERVICE:   Maureen C. Gaffney
                        Assistant District Counsel

CHARGE:

   Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

                    237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
                    Convicted of two or more crimes involving moral turpitude

ORDER:

   PER CURIAM.  The respondent has appealed the decision of an Immigration Judge dated
March 10, 2000.  The respondent argues that the Immigration Judge erred by in finding her subject
to removal and statutorily precluded from relief from removal.  The respondent's appeal fee waiver
request is granted.  The appeal will be dismissed.[1]

   The record reflects that the respondent was convicted on April 12, 1999, in the Court of Common
Pleas of Berks County, Pennsylvania, for the offense of Theft by Deception (2 counts) in violation
of 18 Pa.C.S.A. § 3922(a)(1).  The record indicates that the two counts that resulted in the
respondent's conviction did not arise out of a single scheme of criminal conduct.  The record
reveals that the respondent was sentenced to a term of imprisonment of 6 to 23 months as a result
of the convictions.

   The respondent contends that the Immigration Judge erred in finding that she had been convicted
of an "aggravated felony," as that term is defined in section 101(a)(43)(G) of the Immigration and
Nationality Act.  The respondent further contends that the Immigration Judge erred in finding that

---

[1] We have accepted the respondent's appellate brief as timely filed.



she had been convicted of two crimes involving moral turpitude because the statute under which she was convicted does not require specific intent and is therefore not necessarily a crime involving moral turpitude.

Based upon our review of the record, we find no error in the Immigration Judge's determination that the respondent is subject to removal as charged. This Board has held that a taking of property constitutes a "theft offense" whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. *Matter of V-Z-S-*, Interim Decision 3434, at 10 (BIA 2000). Theft offenses "have been readily categorized as involving moral turpitude," however, "the specific statute under which the conviction occurred is controlling." *Matter of Lopez-Meza*, Interim Decision 3423, at 7-8 (BIA 1999). The term "theft" defined in the statute under which the respondent was convicted states that "[a] person is guilty of theft if he **intentionally** obtains or withholds property of another by deception." 18 Pa.C.S.A. § 3922(a)(1) (emphasis added). Because the statute contains an element of specific intent, we find no error in the Immigration Judge's determination that the respondent's convictions for Theft by Deception are crimes involving moral turpitude.

As noted above, these crimes did not arise out of a single scheme of criminal misconduct. The record indicates that the crimes were unrelated and occurred at different times, between March 21, 1998, and November 17, 1998. *See Matter of Adetiba*, 20 I&N Dec. 506, 511-512 (BIA 1992) (each act in ongoing criminal scheme represents a distinct and separate crime). As the respondent has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, we find that the determination of the Immigration Judge that the respondent is deportable as charged is correct. *See* section 237(a)(2)(A)(ii) of the Act. Furthermore, because the respondent was sentenced to a term of incarceration of at least one year, she has also been convicted of an "aggravated felony," as defined in section 101(a)(43)(G) of the Act.

We further find no error in the Immigration Judge's determination that the respondent's conviction renders her statutorily ineligible for the relief of cancellation of removal under section 240A(a) of the Act. Aliens seeking relief under section 240A(a) of the Act are ineligible if they have "been convicted of any aggravated felony."

For the reasons stated above, the appeal is dismissed.

_____
FOR THE BOARD

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VIVIENNE BRAMMER,                        :
      Petitioner                     :        No. 1:CV-01-0231
                              :
      v.                             :        (Judge Kane)
                              :
JOHN ASHCROFT, United States Attorney    :
General; and CHARLES ZEMSKI, Acting      :
District Director, Immigration and       :
Naturalization Service, Philadelphia     :
District,                                :
        Respondents                  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 1st day of March, 2001, she served a copy of the attached

### RESPONDENTS' EXHIBITS IN SUPPORT OF THEIR
### RESPONSE TO HABEAS CORPUS PETITION

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Sandra Greene, Esquire
140 Roosevelt Avenue, Suite 202
York, PA 17404

_____
CINDY J. LONG
Legal Secretary