**ORIGINAL**



3-19-01
SC

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Vivienne Brammer,
    Petitioner,

vs.

Janet Reno, US Attorney General,
    Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

No. 1:CV-01-0231

FILED
MAR 1 6 2001
PER
HARRISBURG, PA.    DEPUTY CLERK

Petitioner's Reply Brief

    Petitioner, Vivienne Brammer, by and through Counsel, Sandra Greene, Esquire, hereby replies to the Respondent's brief in opposition to Petitioner's petiton for habeas corpus. In support thereof, Petitioner states as follows:

I. Jurisdiction-

    The US Court Of Appeals For The Third Circuit has ruled, time and time again, most recently in *Steele v. Blackman*,-- F.3d ---, No. 00-3116, January 2, 2001 (3rd Cir., 2001), that aliens with criminal convictions who seek to review the constitutionality of orders of removal entered against them must, in the first instance, seek review by way of a petition for habeas corpus. [See, *Liang v. INS*, 206 F.3d 308 (3rd Cir. 2000); *DeSouza v. Reno*, 190 F.3d 175 (3rd. Cir. 1999)] The Court of Appeals continues to rule that jurisdiction exists with the District Courts to adjudicate habeas actions such as the instant appeal. In *Steele*, the Court of Appeals stated: " We recently...determined that IIRIRA's permanent provisions do not preclude district courts from exercising their jurisdiction to hear petitions for habeas corpus following removal orders where the petitioner has been

1

convicted of an aggravated felony." [Id at page 7, citing *Liang*, at 206 F.3d 308 (3rd Cir. 2000)]

The Respondent's assertion that this court has no jurisdiction to hear the instant appeal is based upon its misplaced reliance on *Drakes v. Zemski*, -- F.3d--, 2001 WL 170872 (3rd Cir. Feb. 20, 2001). The Respondent cites *Drakes* for the apparent proposition that since the Court of Appeals will determine whether it has jurisdiction to hear claims in a petition for review mistakenly filed in the District Court and later transferred to the Court of Appeals, and decided that it did not have jurisdiction, that the Court of Appeals ruled that it never has jurisdiction to consider an appeal originating in the District Court. There is absolutely no basis for such an argument to be found in the *Drakes* decision and nothing in the *Drakes* case can legitimately be read to mean that the Court of Appeals meant to overrule its prior findings in *Steele*, *DeSousza* or *Liang*. The mere fact that the Court Of Appeals refused to take jurisdiction to hear the claims arising under the petition for review does nothing to divest this court of jurisdiction in these proceedings as this is a habeas action, not a petition for review. Further, the fact that the Court Of Appeals, , in *Drakes*, asserts that it has jurisdiction to determine whether an offense is an aggravated felony, *__for the purpose of determining the presence of jurisdictional facts necessary to apply those provisions of IIRIRA that purport to limit judicial review__*, does not mean that this court does not have habeas jurisdiction to determine whether the finding that Petitioner committed an aggravated felony violated her constitutional rights.

The Respondent's jurisdictional arguments have absolutely no merit in light of the precedential decisions issued in this circuit in *Steele, DeSousza and Liang*

II. Petitioner's Petition For Habeas Corpus, Filed While Petitioner Was In Respondent's Custody, Was Timely Filed.

Respondent asserts, without reference to legal authority, that Petitioner's habeas action should be dismissed as untimely. Respondent states: "Moreover, in that Brammer filed her habeas action beyond the jurisdictional 30-day period for filing a petition for review in the Court of Appeals, this case can not be transferred but, rather, must be dismissed." [See, Respondent's brief at page 2]. While Respondent provides no reference for its argument, Petitioner assumes that Respondent relies upon 8 USC section 1252 9 Immigration and Nationality Act section 242 (b)(1). Respondent's reliance is mistaken. First, the filing deadline applies only to petitions for review. Petitioner has not filed a petition for review, rather Petitioner has filed a habeas action under 28 USC section 2241. Inasmuch as Petitioner's claims are constitutional in nature Respondent can not legitimately argue that the habeas statute and the petition for review statute are analogous.

Second, 28 USC section 2241 states no deadline for the filing of a petition, rather, it permits a habeas petition to be filed by any person in custody in violation of the Constitution to file a habeas action ***without regard to any other filing deadline***. Clearly, the individual's custody status factor important to the issue of whether the petition was timely filed. If the individual is in custody at the time the petition is filed, the petition is timely. This view was adopted by the US Supreme Court in *US v. Smith*, 331 US 469 (1947). In *Smith* the Supreme Court noted: "...habeas corpus provides a remedy for jurisdictional and constitutional errors at the trial ***without limit of time***" (emphasis added) Id at page 475.

Inasmuch as the Petitioner was in Respondent's custody at the time the instant petition was filed and asserts that her continued custody is in violation of the Constitution, Petitioner's action was timely filed and can not be dismissed upon that basis.

III.    Petitioner Has Not Been Convicted Of An Aggravated Felony-

3

Although the Respondent has deemed Petitioner's reliance on federal law in the determination as to whether her offense is an aggravated felony, to be "inexplicable"[See, Respondent's brief at page 11], Petitioner's reliance is fully explicable as the Board of Immigration Appeals has recognized the need to anzlyze immigration laws with the view of adopting uniform standards. *Matter Of L-G-*, Int. Dec. # 3254 (BIA- 1995) The Board has adopted this view notwithstanding the fact that, as Respondent noted, the term "aggravated felony", can be applied to any offense described in the statute whether in violation of state or federal law.

In *L-G-* the Board considered whether an alien's state felony conviction for drug possession could support a finding that the alien was an aggravated felon or whether the definition of the term aggravated felony should be based on the federal definition of the term. In adopting a federal definition of the term, the Board determined that drug possession is not an aggravated felony unless an analogous offense would be punishable under federal law. The Board adopted that view because of its desire to have a unified standard apply to the consideration of such cases. Relance on federal law provided the uniform approach required.

The Board has, on other occasions, relied on a federal standard when interpreting immigration laws. The Board in *Matter of Grullon*, 20 I & N Dec. 12 (BIA 1989), adopted the federal definition of the word "conviction" when interpreting immigration laws.

Petitioner argues in these proceedings that the entry of the order of removal against her by the Board violated her right to due process because the determination that she is an aggravated felon in unsupported by the law. In support of its decision, the Board stated that: "...the taking of property constitutes a 'theft offense' whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent.", citing *Matter Of V-Z-S-*, Int. Dec. #3434

4

(BIA, 2000) Further, the Board notes that since the Pennsylvania statute under which the Petitioner was convicted, 18 Pa C.S.A. section 3922(a), permits conviction where the actor intentionally obtains or withholds property by deception, the Petitioner has committed a theft offense. Additionally, the Board notes that inasmuch as the statute requires proof of intent, it contained the requisite level of specific intent.

There are several levels of error in the Board's analysis. First, the Board failed to determine whether a federal statute analogous to the Pennsylvania statute under which the Petitioner was convicted exists and whether such statute would permit a finding that the Petitioner committed an aggravated felony. Petitioner asserts that an analogous federal statue does exist, 18 USC section 641. That statute reads:

"Whoever embezzles, steals, purloins, or knowlingly converts to his use or the use of another, of without authority, sells, conveys, or disposes of any record, voucher, money or thing of value of the United States shall be fined or imprisoned..." for a period not to exceed ten years.

The Pennsylvania statute under which the Petitioner was convicted, however, defines as theft by deception conduct in which a person:

" intentionally obtains or withholds property of another by deception. A person deceives if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally: (1) creates or reinforces a false impression, including a false impression as to law, value, intention or other state of mind..."

The federal statute is not analogous to the Pennsylvania statute because the Pennsylvania statute is defined in terms of the actor's knowledge whereas the Pennsylvania statute is defined in terms of the actor's intent. The Pennsylvania statute can not be said to presume knowledge by intent, because Pennsylvania distinguishes between knowing conduct and intentional conduct. [See, 18 PaC.S.A. section 302]. In Pennsylvania, intent requires proof that the actor had as an objective a desire to achieve a

5

specific result. Knowledge, on the other hand, requires awareness that the actor's conduct will likely result in a given outcome.

While the Board bases its decision on its finding of an element of intent in the Pennsylvania statute and thus, a theft offense for purposes of considering whether the offenses constitute crimes of moral turpitude. To determine whether the Petitioner's offense constituted an aggravated felony, the Board only asked whether she had been sentenced to a term of imprisonment of one year or more. The Board failed to address the fact that the Pennsylvania statute, unlike the federal statute, does not require "knowledge".

Based on its prior policy and precedent of defining aggravated felonies by federal standards, the Board was obligated to determine whether the Petitioner's offense was analogous to any federal theft offense. Inasmuch as the Board failed to act in accord with its own policy, its determination that the Petitioner committed an aggravated felony violated Petitioner's right to due process. The failure of an agency to follow its own rules or policy is violative of due process. No showing of prejudice or error is required. *Accardi v. Shaughnessy*, 374 US 260 (1954)

In its decision, the Board states that it is bound to consider whether a crime is a theft offense if it is so defined by the state statute, finding that: "...the specific statute under which the conviction occurred is controlling." [See decision of BIA at page 2, citing *Matter of Lopez-Meza*, Int. Dec. # 3423 (BIA 1999)]. That decision relates to determinations made regarding whether an offense is a crime of moral turpitutude, not whether a crime is an aggravated felony. Pursuant to the Board's decision in *Matter of L-G-*, Int. Dec. 33254 (BIA 1995), the Board had the obligation to examine the elements of the federal theft statute before determining that the Petitioner's offense was an aggravated felony.

6

Similarly, the fact that the Petitioner was sentenced to a term of imprisonment in excess of one year for the state offense does not render that offense an aggravated felony unless she could be sentenced to a term of imprisonment in excess of one year upon conviction for an analogous federal statute. Inasmuch as the Board also failed to conduct that analysis as well, Petitioner also asserts that her right to due process was violated.

Further, although the Board determined that the Pennsylvania statute contained an element of specific intent, the intent in the statute relates to the intent to obtain property, not the intent to deceive. The statute reads: "A person is guilty of theft if he *intentionally* obtains property of another by deception. Deception is defined as including the intentional creation or reinforcement of an impression where that impression is ultimately proven to be false. Under the Board's interpretation of the statute the finding that a person intents to obtain property, or create an impression that the property obtained is hers is the specific intention needed to make the offense a theft crime notwithstanding the fact that the person may have made an error as to his actual ownership of the property and the resulting impression created that the property is his. Such a finding is in error as any finding of theft should require that the specific intent relate to the deception which this statute does not.

CONCLUSION-

WHEREFORE, for all the aforementioned reasons, Petitioner requests that her petition for habeas corpus be GRANTED.

Sincerely,

Sandra Greene, Esquire

7

Certificate Of Service

I hereby certify that I caused to be served upon Kate Mershimer, Esquire, a true and correct copy of this document by hand delivery at 228 Walnut Street, 2nd Floor, Harrisburg, PA 17108 on March 16, 2001.

Sincerely,

Sandra Greene, Esquire

8